UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sharyon M. Sanders,<br><br>Plaintiff,<br><br>v.<br><br>U.S. Department of Veterans Affairs, Debt Management Center, and U.S. Department of Treasury, Bureau of Fiscal Services,<br><br>Defendants. | Case No.: 23-cv-02676 (SRN-DJF)<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS** |

Sharyon M. Sanders (pro se), Franklin Correctional Institution, 1760 Hwy 67 North Carrabelle, FL 32322

Ana H. Voss, United States Attorney's Office, 300 S 4th St Ste 600, Minneapolis, MN 55415, for Defendants

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant U.S. Department of Veterans Affairs, Debt Management Center's (the "DVA") Partial Motion to Dismiss [Doc. No. 12] Plaintiff's Complaint, Plaintiff Sharyon M. Sanders' Motion to Transfer Venue [Doc. No. 24], and the DVA's Motion to Dismiss [Doc. Nos. 26 and 27] Plaintiff's Amended Complaint ("Amended Compl.") [Doc. No. 25]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** Defendants' Motion to Dismiss the Amended Complaint and **DENIES AS MOOT** the remaining motions.

1

I. BACKGROUND

Plaintiff alleges that his Economic Impact Payments ("EIPs") were intercepted by the U.S. Department of the Treasury's Treasury Offset Program ("TOP"), and then sent to the DVA in order to satisfy a debt. (Amended Compl. ¶¶1-5.) Plaintiff argues that this interception of his EIPs (totaling $1,838.43) was improper, as while he obtained the EIPs by filing a tax return, the EIPs were "stimulus checks" and should not have been applied as an offset to his debts. (*Id.* ¶ 3.)

A.  Factual Background

Plaintiff is currently incarcerated in the Franklin Correctional Institution, a state prison facility, in Carrabelle, Florida. (Compl. at 3; Amended Compl. at 3.) In November 2020, Plaintiff submitted a tax return in the form of an IRS 1040 form in order to receive EIPs under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and Consolidated Appropriations Act of 2021 ("CAA"), in amounts of $1,200 and $600, respectively. (Amended Compl. ¶¶ 1-2.)

Plaintiff alleges that he, along with other incarcerated individuals, was advised to file an IRS 1040 form in order to receive the EIPs, despite the fact that he had no income and had not filed taxes for more than ten years. (*Id.* ¶ 3.) Accordingly, Plaintiff did so. (*Id.*) On May 10, 2021, Plaintiff received notice from the Internal Revenue Service ("IRS") that he would receive an adjusted tax refund of $1,802.07, and advised that he "should receive [the refund] within 4-6 weeks as long as you don't owe other tax or debts we're required to collect." (Amended Compl., Ex. A [Doc. No. 25-1], at 1.) On January 6, 2022, Plaintiff received notice from the U.S. Department of the Treasury's Bureau of the Fiscal

2

Service that all of his EIPs would be applied to delinquent debt owed to the DVA through TOP.  (Amended Compl., Ex. A at 2.)

### B. Procedural History

On August 30, 2023, Plaintiff filed a pro se complaint in this Court against the DVA, seeking "judicial review of debt offset [and] noncompliance of due process" pursuant to several federal statutes and regulations.  (*See* Compl. [Doc. No. 1].)  On December 22, 2023, Defendant DVA filed a partial motion to dismiss, arguing that Plaintiff's claim that his EIPs were inappropriately offset must be dismissed as to the DVA, because TOP is administered by the Department of the Treasury and once a debt is referred, the DVA no longer has control.  (Def's Partial Mot. to Dismiss Br. [Doc. No. 14] at 1.)  As such, Defendant  DVA argues that it is not the proper defendant for this suit.  (*Id*.)  On the same day, Defendant DVA also filed an answer [Doc. No. 16].

On January 29, 2024, Plaintiff filed a response to Defendant's partial motion to dismiss (Pl's Partial Mot. to Dismiss Br. [Doc. No. 23]), the Amended Complaint, and the Motion to Transfer Venue.  The Amended Complaint appears to have dropped Plaintiff's allegations of due process violations, while alleging "negligence" by the DVA in its failure to "inquire [from] the U.S. Treasury Dep't as to whether the funds included in the 'tax return' were – in part or in whole – [EIPs] that were exempt from receipt and interception since i[t] should have know[n] the most common way for incarcerated individuals to receive a[n] EIP was via a refund."  (Pl's Partial Mot. to Dismiss Br. at 2.)

On February 12, 2024, the DVA filed a motion to dismiss the Amended Complaint [Doc. No. 27].  On February 23, 2024, the Court ordered that all three pending motions

3

would be taken under advisement without a hearing, and an order issued on the papers. The Court ordered a briefing schedule, with Plaintiff to respond to the DVA's motion to dismiss on or before Tuesday, March 5, 2024 [Doc. No. 33]. Plaintiff did not respond to the DVA's motions.

## II.     DISCUSSION

### A.     Legal Standard

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts the facts alleged in the complaint as true, and views those allegations in the light most favorable to the plaintiff. *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations. *Id.* To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### B.     Analysis

The DVA argues that as a matter of law, it did not decide, and does not have the authority to decide, which payments are eligible for offset, and as such should not be a

4

party in this case. (Def's Mot. to Dismiss Br. [Doc. No. 28] at 9.)  The DVA also argues that the CARES Act and CAA do not exempt EIPs from offset if they are obtained through filing a tax return.  (*Id.* at 10.)  Plaintiff previously argued that he had been told to file a tax return in order to claim his EIPs, and that although the EIPs appeared as a tax refund, they were actually stimulus checks exempt from being intercepted by the Treasury. (Amended Compl. ¶¶ 2-3; Pl's Partial Mot. to Dismiss Br. at 2-3.)

Plaintiff's argument is unavailing.  Pursuant to the statutory terms of the CARES Act and CAA, as modified by the CAA, EIPs obtained through filing a tax return rather than a direct payment are not exempt from normal federal debt offsets.  As such, on that basis alone, Plaintiff's claim must be dismissed as a matter of law.

The CARES Act authorized the Secretary of the Treasury to issue EIPs as direct payments before filing their taxes, instead of through a subsequent tax refund.  *See* 26 U.S.C. § 6428(f).  Congress established a December 31, 2020 deadline for requests to receive an EIP rather than a tax refund. 26 U.S.C § 6428(f)(3)(A).  The CAA used the same mechanism, with a deadline of January 15, 2021, for requesting an EIP.  26 U.S.C § 6428A(a); (f)(3)(A)(ii)(I).

Before issuing any federal income tax refunds, the Secretary of the Treasury is required to offset against the refund any debts a taxpayer may owe to another federal agency. 26 U.S.C. § 6402(d).  The Treasury, through its Bureau of the Fiscal Service, operates TOP to collect on those debts by offsetting eligible federal payments.  *See* 31 C.F.R. § 285.5(a)(1).  While CARES Act and CAA payments were partially exempt from such an offset claim against direct payments, Congress retroactively amended the CARES

Act in the CAA to clarify that EIPs were only exempt from offset if they had been requested as a direct payment rather than as part of a tax refund. *See* Pub. L. No. 116–260, § 273(b)(1), 134 Stat. 1978 (2020).

As an initial matter, the offset statute bars a federal court from reviewing the Treasury Department's offset actions. *See Bandy v. Secretary of Department of Treasury*, Case No. 1:23 CV 54, 2023 WL 8455943 at *3 (N.D. Oh. Nov. 9, 2023), *report and recommendation adopted* 2023 WL 8453131(N.D. Oh. Dec. 6, 2023) (quoting 26 U.S.C. § 6402(g).)[1] As such, it appears that this Court does not have jurisdiction to review the Treasury Department's offset actions where, as here, the plaintiff has not challenged the validity of the underlying debt.

Reaching the merits of Plaintiff's argument, he has still failed to state a claim upon which relief can be granted. Differential treatment of EIPs requested as a direct payment and those requested through a tax return is clear in the law, and has been upheld by this Court's sister courts. *See Prance v. United States*, No. 22-1905, 2023 WL 6799101 at *3 (Fed. Cl. Oct. 13, 2023) ("The CARES Act, CAA, and ARPA, however, protect relief

---

[1] 26 U.S.C. § 6402(g) states that:

No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c) .... No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid[.]

payments from offset only if the monies are claimed in the form of EIPs rather than through a tax refund. Because plaintiff claimed his COVID-related relief payments on his tax returns rather than applying to receive advance EIPs, the Treasury Department was entitled to offset his tax refund against the State Department debt."); *see also Bandy*, 2023 WL 8455943 at *4.[2]  It is not disputed that Plaintiff sought to obtain EIPs through filing a tax return rather than seeking direct payment.

Accepting the facts alleged in the complaint as true, and viewing its allegations in the light most favorable to Plaintiff, Plaintiff's claim still fails as a matter of law. As such, his claim must be dismissed.[3]

---

[2] The Treasury Department has also provided guidance to this effect to the public. *See Frequently Asked Questions on the Treasury Offset Program (TOP), IRS 2021 Child Tax Credit, Economic Impact Payments, and the Recovery Rebate Credit,* Bureau of the Fiscal Service, Treasury Offset Program, https://fiscal.treasury.gov/top/faqs-for-the-public-covid-19.html (last visited Mar. 12, 2024).

[3] As the Court's decision on the merits is sufficient to enter judgment on this matter, the Court need not reach the DVA or Plaintiff's other arguments, and, therefore, dismisses Defendant's Partial Motion to Dismiss and Plaintiff's Motion to Transfer Venue as moot.

7

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Partial Motion to Dismiss [Doc. No. 12] is **DENIED AS MOOT**.

2. Plaintiff's Motion to Transfer Venue [Doc. No. 24] is **DENIED AS MOOT**.

3. Defendants' Motion to Dismiss [Doc. Nos. 26 and 27] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: March 12, 2024                               s/ *Susan Richard Nelson*
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge